**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Isaac Gomez,

      Petitioner

v.

Pamela Bondi, et al.,

      Respondents

Case No. 2:26-cv-00770-JAD-MDC

**Service of 28 U.S.C. § 2241 Petition and Appointment of Counsel Order**

[ECF Nos. 1-1, 1-2, 1-3]

Petitioner Isaac Gomez, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel.[1]  I find that good cause exists to grant the IFP application, so Gomez may proceed without paying the filing fee for this action.

Broadly construing the petition, the petitioner asserts that his detention is unlawful.[2]  But the petition's sole allegations are that he has been subjected to prolonged detention and has been in custody since February 20, 2026.[3]  Without more, this is insufficient to permit this court to determine if petitioner has already been subject to the 90-day mandatory removal period under 8 U.S.C. § 1231(a)(1)(A) or detained beyond the six-month presumptively reasonable period from *Zadvydas v. Davis,* 533 U.S. 678 (2001).  So I defer ruling on the petition, but I also find that appointment of counsel is in the interests of justice due to the potential complexities of this case

---

[1] ECF No. 1-1, 1-2, 1-3.

[2] ECF No. 1-2 at 1.

[3] *Id*. at 1, 5.

and to permit counsel to file an amended petition if warranted.[4]  I also direct that the petition be served on the United States Attorney's Office for the District of Nevada.

IT IS THEREFORE ORDERED that the IFP application **[ECF No. 1-1] is GRANTED**.

It is further ordered that the motion for appointment of counsel **[ECF No. 1-3] is GRANTED**. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) within 7 days of the date of this Order.  If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the FPD files a notice of appearance in this matter, it will then have 30 days to either (1) file an amended petition, or (2) a motion to dismiss the petition.  The FPD must effectuate service of the amended petition on the respondents.

IT IS FURTHER ORDERED that the petition (ECF No. 1-2) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

1.  **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

---

[4] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

2.  **MAIL** a copy of the petition (ECF No. 1-2) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

3.  **SEND**, through CM/ECF, a copy of the petition (ECF No. 1-2) and this order to counsel for John Mattos: Ashlee Hesman at ahesman@strucklove.com.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this district**, with the exception of effectuating the petitioner's lawful deportation.[5]  In the event of lawful deportation, the respondents' counsel must file a notice with the court within 5 days from deportation.

_____

U.S. District Judge Jennifer A. Dorsey
March 20, 2025

---

[5] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").