**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Isaac Gomez, | Case No.: 2:26-cv-00770-JAD-MDC |
| Petitioner | **Order Granting Habeas Petition and Denying Motion for Temporary Restraining Order as Moot** |
| v. | |
| Tood Blanche,[1] et al., | [ECF Nos. 7, 8] |
| Respondents | |

Petitioner Isaac Gomez is a Colombian citizen who has lived in the United States as a lawful permanent resident since 2008.[2]  In 2023 he pled guilty to possession of a controlled substance in Idaho state court, and he was released from state custody under a supervision order in September of 2024.[3]  In February 2026, Gomez was arrested by Immigration and Customs Enforcement officials when he reported to a state probation meeting, and he has been in custody at the Nevada Southern Detention Center ever since.[4]  Gomez was detained as "an arriving alien,"[5] and the immigration judge (IJ) denied his request for bond because the judge believed that he was detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention without the opportunity to request release on bond.[6]

---

[1] Todd Blanche has replaced respondent Pamela Bondi as the Acting Attorney General of the United States and Markwayne Mullin has replaced respondent Kristi Noem as United States Secretary of Homeland Security, so I substitute them as respondents under Federal Rule of Civil Procedure 25(d).

[2] ECF No. 7 at 3.

[3] *Id.* at 4; ECF No. 12-1.

[4] ECF No. 7 at 5; ECF No. 12-1.

[5] ECF No. 12-2 at 2.

[6] ECF No. 12-3.

On March 17, 2026, Gomez filed a petition for a writ of habeas corpus seeking his release from custody.[7]  I appointed counsel and, on April 27, 2026, Gomez filed a counseled amended petition and a motion for a temporary restraining order, arguing that the government lacked authority to detain him under § 1225(b)(2)(A) and, to the extent that he could be detained § 1226(c)—another mandatory-detention statute applied to noncitizens with certain criminal convictions—that detention violates his due-process rights.[8]  The government concedes that the IJ improperly applied § 1225(b)(2)(A) to deny Gomez release on bond, but it contends that § 1226(c) authorizes his continued mandatory detention.[9]  The government doesn't respond to Gomez's as-applied constitutional challenge to his detention under § 1226(c).  It also contends that Gomez has not properly exhausted his administrative remedies before seeking habeas relief in this court.

I grant Gomez's petition and order his release.  I waive the exhaustion requirement because Gomez has shown that it would have been futile to appeal his adverse bond redetermination hearing.  And because the government waived its response to Gomez's argument that his detention under § 1226(c) is unconstitutional, I grant his petition on that ground.  Because the resolution of Gomez's petition affords him the relief he seeks, I deny as moot his motion for a temporary restraining order.

---

[7] ECF No. 1.

[8] ECF Nos. 7, 8.

[9] *See* ECF No. 12.

2

**Discussion**

**A.    The government's exhaustion argument is unavailing.**

The government argues that Gomez's petition should be dismissed because he didn't seek Board of Immigration (BIA) review of the IJ's order denying him bond.[10]  It cites to the Ninth Circuit's opinion in *Leonardo v. Crawford*[11] to contend that a petitioner "*must* seek review from the BIA on bond determinations prior to filing a habeas petition."[12]  In *Leonardo*, the petitioner sought habeas review before he appealed the IJ's adverse bond determination to the BIA.[13]  The panel held that the petitioner's "short cut was improper" and concluded that, if "a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."[14]

The government's exhaustion argument cannot be squared with its primary contention that Gomez is not entitled to any bond hearing because he is detained under § 1226(c).  The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[15]  "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies

---

[10] *Id.* at 3–4.

[11] *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

[12] ECF No. 19 at 1.

[13] *Leonardo*, 646 F.3d at 1160.

[14] *Id.*

[15] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[16]

I find that exhaustion of remedies would be futile here. The government contends that § 1226(c) does not entitle Gomez to a hearing at all. And the IJ denied bond on the basis that Gomez was detained under § 1225(b)(2), which also affords no statutory right to a bond hearing.[17] Because appealing the outcome of his bond-redetermination request would be futile under the government's asserted detention authorities, I waive the prudential exhaustion requirement.

**B.      The government's notice to appear contained information sufficient to conclude that Gomez could be detained under either §§ 1225(b)(2) or 1226(c).**

When the government arrested Gomez, it did so under the reasoning that he was "an arriving alien."[18] In these cases, that's been the tell-tale sign that the government is asserting § 1225(b)(2) as the statutory basis for a noncitizen's detention. I, hundreds of other district judges, and the Second Circuit have rejected the government's attempt to fit petitioners like Gomez—who have lived in the United States for several years—into § 1225(b)(2)'s detention framework for noncitizens apprehended while attempting to gain entry to the country at the border.[19] I adopt that same reasoning here and find that, to the extent that Gomez's mandatory detention is governed by § 1225(b)(2), it exceeds the government's statutory authority.

---

[16] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[17] *See Matter of Yajure Hurtado*, 29 I. & N. Dec 216, 229 (BIA 2025) (finding that IJs lack jurisdiction to hear bond-determination requests from noncitizens subject to mandatory detention under § 1225(b)(2)).

[18] *See* ECF No. 12-2 at 2 (notice to appear).

[19] *See Mendoza v. Blanche*, Case No. 2:26-cv-00011-JAD-MDC (D. Nev.); *Hermosillo-Barajas v. Blanche*, 2:26-cv-00274-JAD-DJA (D. Nev.); *Jacobo Ramirez v. Mullin*, 2026 WL 879799 (D. Nev. Mar. 30, 2026); *Cunha v. Freden*, __ F.4th __, 2026 WL 1146044 (2d. Cir. 2026).

The government contends that this isn't a problem because Gomez is separately subject to mandatory detention under § 1226(c), the statute that requires detention during removal proceedings for noncitizens who have been charged with or convicted of certain crimes. Gomez argues that the court shouldn't credit the government's post hoc rationalization for detention when that rationalization was not present when Gomez was detained. But the government's notice to appear stated that Gomez was subject to removal based on 8 U.S.C. §§ 1227(a)(2)(B)(i) and 1227(a)(2)(A)(iii), which make noncitizens who are convicted of controlled-substances violations and aggravated felonies deportable.[20] Section 1226(c) explicitly mandates detention for any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)[.]"[21] So I find that, though the IJ considered Gomez's detention under § 1225(b)(2), the notice to appear contained the information necessary to conclude that he could also be detained under § 1226(c). I thus do not grant Gomez's petition on the ground that the government erroneously detained him under § 1225(b)(2).

**C.    The government has waived a defense to Gomez's constitutional arguments, so I grant his petition on those grounds.**

Gomez next contends that detention under § 1226(c) is unconstitutional as applied to him. He argues that the government's failure to arrest him immediately after he was released from state custody on his drug crime created a substantial liberty interest in his continued freedom from detention and that the government lacks an interest in detaining him without giving him a bond hearing.[22] Gomez raised these arguments throughout his habeas petition and his TRO

---

[20] *See* ECF No. 12-2 at 5.

[21] 8 U.S.C. § 1226(c)(1)(B).

[22] ECF No. 7 at 9–14; ECF No. 8 at 6–8.

5

motion, but the government did not respond to them.  The government has thus waived a defense to Gomez's constitutional arguments, and I find that Gomez has established that his mandatory detention under § 1226(c) violates his procedural due process rights.[23]  Under these circumstances, I find that release is the appropriate remedy.[24]

**Conclusion**

IT IS THEREFORE ORDERED that Isaac Gomez's petition for habeas corpus **[ECF No. 7] is GRANTED**.  **Petitioner Isaac Gomez must be released from detention within three days of this order**.

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Gomez's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Gomez's release was effectuated.

IT IS FURTHER ORDERED that Gomez's motion for a temporary restraining order **[ECF No. 8] is DENIED** as moot.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

---

[23] *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc) (finding that a party "waives any argument it fails to raise in its answering brief"); *see also Nielson v. Preap*, 586 U.S. 392, 420 (2019) (holding that § 1226(c) permits detention at any time following a petitioner's release from state custody, but noting that the court's findings "do[] not foreclose as-applied [constitutional] challenges" to detention under § 1226(c)); *E.C. v. Noem*, 2025 WL 2916264, at *9–11 (D. Nev. Oct. 14, 2025) (finding that petitioner's detention under § 1226(c)(1)(E)(ii) violated his procedural due process rights under the *Mathews v. Eldridge*, 424 U.S. 219 (1976), test); *Doe v. Moniz*, 800 F. Supp. 3d 203, 216–17 (D. Mass. 2025) (same); *Perera v. Jennings*, 598 F. Supp. 3d 736, 745–47 (N.D. Cal. 2022) (same).

[24] *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that release is the "typical remedy" for "unlawful executive detention").

The Clerk of Court is directed to SEND a copy of this order to the Warden of the Nevada Southern Detention Center in Pahrump, Nevada and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
May 19, 2026